[907 NYS2d 29]

In the Matter of DAVID CRAIG WEISS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*McDonough & McDonough*, Melville (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated September 11, 2008, containing two charges of professional misconduct. After a preliminary conference on January 26, 2009 and a hearing on April 29, 2009, the Special Referee sustained both charges "based upon technicalities," and noted that the respondent had not converted funds for his own use, but committed errors resulting "from sloppy bookkeeping and not from any venal intent."

The Grievance Committee now moves to confirm the Special Referee's report solely to the extent that it sustained the charges of professional misconduct. The respondent's counsel has submitted an affirmation in opposition to the motion to confirm and submits that the Grievance Committee's motion should be denied, and the proceeding dismissed. In the alternative, counsel submits that should the Court believe that some sanction is required for the record-keeping errors noted by the Special Ref-

eree, a referral back to the Grievance Committee for the issuance of a letter of caution or a reprimand would be appropriate.

Charge one alleges that the respondent converted client funds and/or breached his fiduciary duty by failing to preserve client funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent maintained an IOLA account at the North Fork Bank in Mineola. On or about April 10, 2006, a check drawn on that account, dated April 3, 2006, in the amount of $6,424.87, was returned due to insufficient funds in the account at the time it was presented for payment.

The respondent was entrusted with client funds as a fiduciary from January 2006 through June 2006, which were to be preserved in his escrow account in connection with eight transactions. On January 31, 2006, the balance in the account was $429,961.26. As of that date, the respondent was required to preserve $40,550.17 on behalf of Dougrau and $390,251.76 on behalf of Diaz/Dante, for a total of $430,801.93. On January 31, 2006, the respondent's escrow account balance fell below the amount he was required to be preserving.

On February 28, 2006, the balance in the respondent's escrow account was $156,831.22. As of that date, the respondent was required to be preserving $10 on behalf of Montiglio/National City, $1.22 on behalf of Trento/National City, $306 on behalf of Bzdyk, $78,237.50 on behalf of Prendergast/National City, and $78,401 on behalf of Klieger (1)/National City, for a total of $156,955.72. On February 28, 2006, the respondent's escrow account balance fell below the amount he was required to maintain.

On March 31, 2006, the balance in the respondent's escrow account was $192,606.10. As of that date, the respondent was required to be preserving $10 on behalf of Montiglio/National City, $1.22 on behalf of Trento/National City, $306 on behalf of Bzdyk, $320 on behalf of Prendergast/National City, $2,301 on behalf of Klieger (1)/National City, $2,950 on behalf of Klieger (2)/National City, and $194,067 on behalf of Perna/National City, for a total of $199,955.22. On March 31, 2006, the respondent's escrow account balance fell below the amount he was required to maintain.

On April 30, 2006, the balance in the respondent's escrow account was $1,421.52. As of that date, the respondent was required to be preserving $10 on behalf of Montiglio/National

City, $1.22 on behalf of Trento/National City, $306 on behalf of Bzdyk/National City, $320 on behalf of Prendergast/National City, $2,301 on behalf of Klieger (1)/National City, $2,950 on behalf of Klieger (2)/National City, $160 on behalf of Kantor/ National City, and $.80 on behalf of Perna/National City, for a total of $6,049.02. On April 30, 2006, the respondent's escrow balance fell below the amount he was required to maintain.

On May 31, 2006, the balance in the respondent's escrow account was $571.50. As of that date, the respondent was required to preserve a total of $6,049.02 on behalf of the same transactions described for April 2006. On May 31, 2006, the respondent's escrow account balance fell below the amount he was required to maintain.

On June 30, 2006, the balance in the respondent's escrow account was $571.52. As of that date, the respondent was required to preserve a total of $6,049.02 on behalf of the same transactions described for April 2006. On June 30, 2006, the respondent's escrow account balance fell below the amount he was required to maintain.

The respondent acknowledged at his January 18, 2008 examination under oath that, as a fiduciary, he is required to retain intact funds deposited into his escrow account from the date of deposit until directed or authorized to disburse them.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by converting funds and/or breaching his fiduciary duty by failing to preserve client funds entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the allegations set forth in charge one.

Based on the evidence adduced, including the respondent's admissions, the Grievance Committee's motion to confirm the Special Referee's report to the extent that it sustained both charges is granted. The respondent's argument that there is no prohibition against moving qualified funds between two qualified escrow accounts constitutes an attempt to obfuscate the simple underlying rule that an attorney must uphold the duty of a fiduciary to preserve funds entrusted to him or her.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his unblemished reputation and the fact that a public sanction would ruin his livelihood of representing lenders, including many mainstream banks. He accepts responsibility for what he terms two

human errors. In addition to the testimony of his paralegal/ secretary with respect to the devastating effects of the January 2007 flood in the respondent's law office, as well as her affidavit of good character, the respondent submitted character affidavits from his rabbi and two fellow attorneys.

Notwithstanding the respondent's efforts to minimize his record-keeping deficiencies and his attempt to shift the burden to the Grievance Committee to establish some linkage between his two accounts, it bears noting that the respondent's escrow accounts had deviations well before his purported mistakes and the devastating flood. His use of funds on deposit in a second escrow account to pay off liabilities from the IOLA account constituted an invasion of clients' funds and a clear failure to preserve funds entrusted to him. Moreover, the respondent initially was less than candid in his explanation to the Grievance Committee.

The respondent's failure to abide by the rules governing fiduciary responsibilities and the proper maintenance of escrow accounts, coupled with his lack of candor, warrants his suspension from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and ENG, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee to the extent that it sustained the charges of professional misconduct is granted; and it is further,

Ordered that the respondent, David Craig Weiss, is suspended from the practice of law for a period of two years commencing September 2, 2010, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, David Craig Weiss, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-

at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David Craig Weiss, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).