OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition, dated May 22, 2012, containing two charges of professional misconduct. After a preliminary conference conducted on June 11, 2014, and a hearing conducted on September 24, 2014, the Special Referee sustained both charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, by counsel, submitted an affirmation in opposition, seeking to dis-affirm the findings of the Special Referee, and to dismiss all charges, but in the event that this Court decides to impose public discipline, counsel requests such discipline be limited to a public censure.
The charges in the verified petition emanate from a complaint of professional misconduct filed by Sandra Newsome with the Grievance Committee. Based upon the evidence adduced, including the respondent’s admissions, we find that the facts are as follows:
Between 2001 and 2006, the respondent represented Sandra Newsome in connection with the estates of her aunt and grandfather. The respondent filed petitions in the Surrogate’s Court on behalf of Ms. Newsome, seeking letters of administration in connection with both estates. In or about the fall of 2005, Ms. Newsome was appointed administratrix in connection with both estates. An estate bank account for each estate was opened by Ms. Newsome, who was the sole signatory on those accounts.
In or about 2006, after all assets had been located for each estate, Ms. Newsome sought to close the estate bank accounts. *310 At that time, the respondent explained to Ms. Newsome that there may be estate tax liabilities of approximately $10,000 to $12,000. The respondent suggested that Ms. Newsome leave twice that amount in escrow to ensure there were sufficient funds to pay the estate taxes. In furtherance thereof, in July 2007, the respondent received from Ms. Newsome two estate checks in equal amounts of $11,707.65, one for each estate, to be deposited into his escrow account until an estate tax accounting was completed. She also gave the respondent two checks in equal amounts of $5,745.29, representing payment of his legal fees for the estates.
On July 23, 2007, the respondent deposited the estate tax escrow of $23,415.30, into a non-escrow business account at North Fork Bank, account No. xxxxxx0530 (hereinafter the business account). Also on that date, the respondent deposited the checks for his fees in connection with the estates, totaling $11,490.58, into his business account, bringing the balance in that account to $35,005.84.
As reflected in the respondent’s July 2007 business bank account statement, within a few days of the Newsome estate tax deposits, the respondent made the following three personal disbursements, to wit: (1) on July 25, 2007, a check in the sum of $15,000 that had been issued by the respondent to a contractor who had done work on the respondent’s office cleared the respondent’s business account, reducing the balance therein to $20,005.84; (2) on July 26, 2007, the respondent transferred $5,000 from his business account to his personal account at Capital One Bank, account No. xxxxxx7227 (hereinafter the personal account), which was overdrawn by more than $4,000 at the time of the transfer; (3) on July 27, 2007, the respondent transferred $14,000 from his business account to his personal bank account, which was overdrawn by more than $6,000 at the time of the transfer.
By July 30, 2007, the balance in the respondent’s business account had been reduced to $1,005.84.
On September 9, 2009, the Grievance Committee received a complaint of professional misconduct against the respondent from Ms. Newsome. The respondent submitted an answer to the Newsome complaint dated November 12, 2009. In his answer, when referencing the deposit of the estate funds, the respondent stated that “on July 21, 2007, . . . the sum of $23,415.30 was transferred to our escrow account.” Additionally in his answer, when referencing the return of the estate *311 funds, the respondent stated that “[o]n September 28, 2009, our office issued a bank check for the sum of $13,415.30 to Ms. Newsome from the escrow being held by us.” The respondent remitted the remaining $10,000 to Ms. Newsome by cashier’s check dated October 5, 2009.
Charge one of the verified petition alleges that the respondent converted client funds entrusted to him as a fiduciary, incident to his practice of law, to his own use and benefit in violation of former Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). Charge two alleges that the respondent knew or should have known, prior to the submission of his answer to the New-some complaint, that the estate funds had not been deposited into his escrow account, and that, accordingly, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, which also adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Concerning the respondent’s handling of the estate funds, the Special Referee found that the respondent’s business account contained less than $100 prior to the deposit of the estate funds therein. Within days of the deposit of the estate funds, $15,000 was withdrawn from the business account to pay the respondent’s contractor, and two bank transfers were made by the respondent from his business account to his personal account to replenish the insufficiencies therein. In sustaining charge one, the Special Referee concluded that the respondent’s claim that he mistakenly entered the wrong account number on the deposit slip and deposited the estate funds into his business account would be more persuasive had there been “any evidence of an alternative source of funds” needed to pay the respondent’s expenses, or an explanation why he would not have been aware of an “unexpected surplus” in his business account. Further, inasmuch as the estate funds were never deposited or transferred into the respondent’s “escrow account,” and the estate funds were not disbursed from “escrow,” the Special Referee sustained charge two, finding that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, which was also conduct that adversely reflected on his fitness as a lawyer.
Based on the evidence adduced, and the respondent’s admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner’s motion to confirm the Special Referee’s report is granted.
*312 In determining an appropriate sanction to impose, we conclude that the respondent has engaged in serious misconduct by converting client funds and making material misrepresentations to the Grievance Committee during the course of the investigation of Ms. Newsome’s complaint. Notwithstanding the respondent’s request to limit the sanction to a public censure, comparable cases from this Court have warranted a period of suspension (see Matter of Bronstein, 117 AD3d 12 [2014]; Matter of Collins, 100 AD3d 257 [2012]; Matter of Weiss, 77 AD3d 1 [2010]). Here, we have given great weight to the substantial evidence in mitigation including: the respondent’s devotion to assisting the public as reflected in his multiple charitable endeavors and his significant pro bono services; the numerous letters in support of his good character; the absence of a prior disciplinary history; and the absence of any allegations of other misconduct in the last eight years. Under the totality of the circumstances, we find that the respondent’s conduct warrants his suspension from the practice of law for a period of 18 months.
Eng, P.J., Mastro, Rivera, Skelos, and Dillon, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Oluremilekun A. Oshikanlu, admitted as Oluremilekun Adedeji Oshikanlu, is suspended from the practice of law for a period of 18 months, commencing August 28, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 29, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Oluremilekun A. Oshikanlu, admitted as Oluremilekun Adedeji Oshikanlu, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com *313 mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Oluremilekun A. Oshikanlu, admitted as Oluremilekun Adedeji Oshikanlu, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).